NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**KOM SOFTWARE, INC.,**
*Appellant*

**v.**

**NETAPP, INC.,**
*Cross-Appellant*

---

2021-1181, 2021-1182, 2021-1351, 2021-1352, 2021-1353, 2021-1354

---

Appeals from the United States Patent and Trademark Office, Patent Trial and Appeal Board in Nos. IPR2019-00598, IPR2019-00604, IPR2019-00606, IPR2019-00607, IPR2019-00608.

---

Decided: December 17, 2021

---

DAVID FARNUM, Anova Law Group, PLLC, Sterling, VA, argued for appellant. Also represented by WENYE TAN.

JOSHUA GOLDBERG, Finnegan, Henderson, Farabow, Garrett & Dunner, LLP, Washington, DC, argued for cross-appellant. Also represented by ERIKA ARNER, CHRISTOPHER CHARLES JOHNS, CHEN ZANG; CORY C. BELL, Boston, MA; JACOB ADAM SCHROEDER, Palo Alto, CA; JASON E. STACH, Atlanta, GA.

———————————

Before PROST, TARANTO, and CHEN, *Circuit Judges*.

PER CURIAM.

KOM Software, Inc. owns four related patents claiming systems and methods for restricting access to a storage medium: U.S. Patent Nos. 7,076,624, 7,536,524, 8,234,477, and 9,361,243.  On petitions from NetApp, Inc., the Patent Trial and Appeal Board conducted five inter partes reviews of numerous claims of those patents: IPR Nos. 2019-00598, -00604, -00606, -00607, and -00608.  The Board determined that NetApp had shown most of the challenged claims to be unpatentable for obviousness over the prior art (Vossen, Nagar, Denning, McGovern, and Kung).  KOM appeals with respect to the claims ruled unpatentable; NetApp cross-appeals with respect to the claims upheld. We affirm.

KOM challenges the Board's construction and application of claims at issue that require "associating" an "access privilege" with a "portion" of a "storage medium."  We reject the challenge.  The Board, in all the reviews, properly rejected KOM's implicit constructions of "associating" as requiring either "combin[ing] or join[ing] the access privilege with the storage medium" or "sav[ing] or stor[ing]" the access privilege "in the physical storage medium" as ungrounded in the ordinary and customary meaning of the word "associating."  *See, e.g.*, *NetApp, Inc. v. KOM Software, Inc.*, IPR2019-00606, 2020 WL 5665753, at *5–7 (P.T.A.B. Sept. 23, 2020) (*IPR 606 Final Written Decision).* And under the ordinary and customary meaning of "associating," the Board's findings that both the Vossen and Nagar references disclose "associating an access privilege with at least a portion of the storage medium" are supported by substantial evidence.  The method of Vossen restricts access privileges of processes to certain sub-hierarchies of a file system, which represent "portion[s] of

the storage medium." *See*, *e.g.*, *id.* at \*8. Vossen thereby "associates" the access privilege with the portion of the storage medium. And as the Board reasonably found, the virus-checking filter driver described in Nagar "layers, or attaches, itself" to a "mounted logical volume" representing a storage medium and "intercept[s] I/O requests" targeting that volume, denying access if a virus signature is found. *See*, *e.g.*, *NetApp, Inc. v. KOM Software, Inc.*, IPR2019-00607/IPR2019-00608, 2020 WL 5647750, at \*13 (P.T.A.B. Sept. 22, 2020) (*IPR 607/608 Final Written Decision*). Nagar thereby "associat[es]" an "access privilege" with a "portion" of a "storage medium."

KOM challenges the Board's finding in IPR 2019-00606 that the Denning reference discloses "at least one of allowing, or deleting the file based on said evaluating," as required by claim 4 of the '477 patent. We reject the challenge. Substantial evidence supports the Board's finding. Adopting KOM's explanation that "allowing a file 'means to not delete it after the evaluating,'" *IPR 606 Final Written Decision*, at \*9 (quoting J.A. 1108–09), the Board correctly noted that the Denning example permits alteration of the file conditional on the evaluation of its content, which necessarily requires that the file not be deleted. *Id.* at \*9–10.

Contrary to KOM's contention, substantial evidence also supports the Board's findings in IPRs 2019-00604, -00606, and -00607 that the Kung reference discloses "forcing a secure erasure for a delete operation," as required by claim 16 of the '477 patent (and other claims). The Kung reference teaches overwriting content as a form of secure erasure, which is performed (forced) by the computer system. *See*, *e.g.*, *IPR 606 Final Written Decision*, at \*14–15. KOM argues to us that permitting the user to select secure erasure means that there is no "forcing," but that contention is missing from KOM's IPR responses and is therefore forfeited. *See In re Warsaw Orthopedic, Inc.*, 832 F.3d 1327, 1333 (Fed. Cir. 2016).

KOM also challenges the Board's findings that a relevant artisan had a motivation to combine the various prior art references on which the Board relied in its unpatentability determinations.  But NetApp's petitions identified motivations to combine for each combination put forward, and KOM did not challenge them before the Board.  Thus, KOM's arguments are again forfeited.  *See id.*; *In re Watts*, 354 F.3d 1362, 1367–68 (Fed. Cir. 2004).  That KOM styles its arguments as challenges to the sufficiency of the Board's explanation, rather than substantive challenges to the merits of the findings, does not excuse KOM's failure to raise its arguments before the Board.  *Cf. In re Nuvasive, Inc.*, 842 F.3d 1376, 1382 (Fed. Cir. 2016) ("Our precedent dictates that the PTAB must make a finding of a motivation to combine *when it is disputed.*" (emphasis added)).

NetApp cross-appeals the Board's determination that the language of claims 4, 34, 69, and 103 of the '243 patent requires creating a file on the computer storage medium before evaluating the content of the created file and, therefore, that the Nagar reference does not disclose those claims.  But we agree with the Board that the claim language must be understood to require that "allowing . . . a create file operation to create a file on . . . the computer storage medium" occurs before "evaluating . . . a content of the file." *IPR 607/608 Final Written Decision*, at *18–19. Among other considerations, permitting the other ordering would render superfluous the third step of "allowing . . . the attempted operation."

We have considered the parties' remaining arguments and find them unpersuasive.  For the foregoing reasons, we affirm.

The parties shall bear their own costs.

**AFFIRMED**